**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 96-50417

---

FRED C., Individually and by and through
his next friend, Evelyn Tattini,

                                              Plaintiff-Appellee,

versus

TEXAS HEALTH & HUMAN SERVICES
COMMISSION; TEXAS DEPARTMENT OF
HUMAN SERVICES; BURTON RAIFORD,
Commissioner, Texas Department of Health and
Human Services; TEXAS DEPARTMENT OF
HEALTH; DAVID SMITH, Dr., Commissioner
of Texas Department of Health; MIKE MCKINNEY,
Commissioner, Texas Department of Human Services,

                                              Defendants-Appellants.

---

Appeal from the United States District Court
for the Western District of Texas

(SA-94-CA-1028)

---

May 27, 1997

Before POLITZ, Chief Judge, REAVLEY and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Texas Health and Human Services Commission, the Texas Department of Human Services, the Texas Department of Health, and their commissioners appeal the district court's grant of summary judgment in favor of Fred C. For the reasons assigned, we vacate and remand.

## BACKGROUND

Fred is a forty-seven year old Medicaid recipient who was injured in a motorcycle accident in 1961 and, as a result, suffers from dysarthria, an affliction which seriously impedes his ability to speak. In 1994 Fred twice requested that Texas Medicaid provide him with an augmentative communication device, a computerized instrument that produces pre-programmed voice-synthesized sentences. Fred's requests were denied; this action followed.

Fred and the agencies moved for summary judgment. The parties have stipulated that Fred is a Texas Medicaid recipient and that the device is medically necessary for him. Resolution of the dispute thus hinges on the factual and legal determination whether the device is a benefit covered by Texas Medicaid. The district court concluded that the device is durable medical equipment and, as such, is covered by Texas Medicaid under the home

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

health care optional services. The district court alternatively concluded that the device is prosthetic. The agencies timely appealed.

## ANALYSIS

We review a grant of summary judgment applying the same standard as the district court.[1] Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2]

To prevail on his motion for summary judgment Fred C. must establish beyond any genuine dispute in the summary judgment record that: (1) he is Medicaid qualified; (2) the subject device is medically necessary; (3) the device is provided by Texas Medicaid in its home health services; and, finally, (4) he is qualified for home health services. The record abundantly establishes that Fred C. is Medicaid qualified, that the device is medically necessary, and that it is provided by Texas Medicaid in its home health services program. The record is totally devoid of proof that Fred C. is either qualified or is not qualified under the home health services. As a consequence, for failure of proof of this essential element, the district court properly denied the motion for summary judgment filed by Texas Health. Concomitantly, the district court erred in granting Fred C.'s motion for summary judgment.

Accordingly, the judgment granting summary judgment in favor of Fred C. is

---

[1] *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993).

[2] *Ellert v. University of Texas,* 52 F.3d 543 (5th Cir. 1995).

3

VACATED and the matter is REMANDED for further proceedings consistent herewith.